A. E. MARBLE, plaintiff in error, v. ROBERT P. LANEY, defendant in error.

(Atlanta, January Term, 1871.)

JURISDICTION OF JUSTICES OF THE PEACE—CERTIORARI.—When a Justice of the Peace commits an error of law in a matter material to the issue before him, as if he takes jurisdiction of a claim of more than one hundred dollars, and a certiorari is applied for, and all the requirements of the law. in reference to a certiorari, are complied with, it is error in the judge of the Superior Court to refuse the writ of certiorari.

Jurisdiction of Justices of the Peace. Interest. Before Judge Johnson. Muscogee Superior Court. April Term, 1870.

*Laney sued out an attachment against Marble. In the affidavit, which was attested by no officer, he claimed $91 46, besides interest. The attachment was returnable to the Justice's Court. The paper sued on was a promissory note on Marble for $451 46, due the 22d of February, 1860, upon which were the following credits: March

29th, 1861, $100 00; September 10th, 1861, $130 00, and August 9th, 1861, $130 00.

When the case was called, Marble appeared by attorney. The attachment was dismissed because the affidavit was not attested by any officer. At the same time that this motion was made, the attorney objected to the jurisdiction of the Justice, because said note set out in the pleadings showed more than $100 00 of principal due on it when the suit was brought. The Justice overruled the objection and gave judgment against Marble, but did not enter upon his docket the amount for which he rendered judgment.

Upon recital of the foregoing facts in a petition by Marble's attorney, Judge Johnson was asked to grant a certiorari to review said action. He refused the certiorari, and that is assigned as error.

L. F. Gerrard, for plaintiff in error, said the plaintiff claiming the full amount due on said note, the Justice had no jurisdiction: Const. 1868, section 6th, Art. V.; Revised Code, sec. 3410; 36th Ga. R., 599. Interest how calculated: Rev. Code, section 2029. The judgment should be for a fixed sum: Code, secs. 4097, 35, 12. The case should have been dismissed with the attachment: Code, sec. 3233.

No appearance for the defendant.

McCAY, J.

This record shows a most flagrant abuse of his power by the magistrate. He not only had no jurisdiction of the case originally, it being clearly a claim for more than one hundred dollars, but after he had dismissed the attachment, *there was nothing to give judgment upon. That was the foundation of the whole proceeding. It was said in argument, that the Judge of the Chattahoochee Circuit will sanction no certiorari from a Justice's Court without an affidavit that the debt is not due, if the judgment is for the plaintiff—or that it is due, if for the defendant. We agree that the judgment of a magistrate is not to be scanned with the eye of a legal critic, but when his action is clearly illegal upon a vital point, certiorari lies to reverse it. There is a limit even to the charity with which a higher tribunal must deal with the proceedings of a Justice of the Peace.

In this case we think that limit is reached, and the Judge ought to have sanctioned the petition and ordered the writ to issue. This writ is provided by the Constitution. The Judge of the Superior Court is charged with the duty of correcting errors in inferior tribunals. If it appears affirmatively that the error is only pro forma and that no wrong has been done, it may be that a wise discretion will refuse to interfere. But that, as we think, must affirmatively appear. At any rate, on a question of jurisdiction, it seems to us, that the duty to review, if the usurpation in fact exists, is imperative.

Judgment reversed.